UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD J. SZUKALA,

                      Plaintiff,

                                                          Case # 15-CV-358-FPG

v.

                                                          DECISION & ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                      Defendant.
_____

## INTRODUCTION

Plaintiff Richard J. Szukala ("Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 8, 10. For the reasons stated below, Plaintiff's motion (ECF No. 8) is GRANTED, the Commissioner's motion (ECF No. 10) is DENIED, and this matter is remanded to the Commissioner for further administrative proceedings.

## BACKGROUND

On January 22, 2013, Plaintiff filed an application for DIB under the Act that alleged disability since March 1, 2012 due to a head injury, left-sided numbness, balance issues, and memory problems. Tr.[1] 84-90, 103. After this application was denied, a hearing was held before Administrative Law Judge Mark Solomon ("the ALJ") on October 18, 2013 in which the ALJ presided by videoconference and considered Plaintiff's application *de novo*. Tr. 23-40. At the

---

[1]     References to "Tr." are to the administrative record in this matter.

hearing, Plaintiff appeared with his attorney and testified. *Id.* On November 22, 2013, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Tr. 9-22. That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 26, 2015. Tr. 1-5.

## LEGAL STANDARDS

I. **Disability Determination**

Social Security Administration regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled. If the claimant does, the analysis proceeds to step three.

At step three, ALJ must determine whether a claimant's impairment meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment does meet or equal a condition in the Listings and the durational requirement is satisfied (20 C.F.R. § 404.1509), then the claimant is disabled. If it does not, the ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is then used in the fourth and fifth inquiries.

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five. At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her

age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy.

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## II.   District Court Review

District Court review of the Commissioner's decision is not *de novo*. *See, e.g., Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The Commissioner's decision may only be set aside if it is not supported by "substantial evidence" or is the product of legal error. *See, e.g., Miller v. Colvin*, 85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

## I.   The ALJ's Decision

In this case, the ALJ's decision analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2012, his alleged onset date. Tr. 14. At step two, the ALJ found that Plaintiff suffers from one severe impairment: lumbar radiculopathy. Tr. 14-15. At step three, the ALJ found that Plaintiff's lumbar radiculopathy does not meet or medically equal any impairment in the Listings. Tr. 15.

The ALJ then determined that Plaintiff retains the RFC to perform a full range of light work[2] but with some additional limitations. Specifically, the ALJ made the following findings: that Plaintiff is only able to lift or carry twenty pounds occasionally and ten pounds frequently; that he is able to stand for a total of six hours in an eight-hour workday; that he is able to sit for a total of six hours in an eight-hour workday; that he can frequently engage in balancing but must avoid working at unprotected heights or with hazardous machinery; and that he cannot engage in climbing of ropes, ladders, or scaffolds. Tr. 15-17.

At step four, the ALJ compared Plaintiff's RFC to the Dictionary of Occupational Titles and found that Plaintiff is unable to perform his past relevant work as a factory worker. Tr. 18.

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 18-19. In making this determination, the ALJ did not consult a vocational expert. Instead, the ALJ relied solely upon the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2 ("the Grids"). *Id.* The ALJ acknowledged that Plaintiff's "ability to perform work at the light exertional level has been compromised by nonexertional limitations," but concluded that sole reliance on the Grids was appropriate because "these limitations have little or no effect on the occupational base of unskilled light work" and "they do not significantly erode the occupational base of unskilled light work." *Id.* Because a finding of "not disabled" was directed by Medical-Vocational Rule 202.18., the ALJ concluded that Plaintiff is not "disabled" under the Act. *Id.*

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b).

**II.     Plaintiff's Challenges**

Plaintiff raises the following three challenges to the ALJ's decision: (1) the ALJ's RFC determination was not supported by substantial evidence; (2) the ALJ erred in determining the credibility of Plaintiff's subjective complaints; and (3) the ALJ erred by failing to elicit testimony of a vocational expert at step five of his analysis. ECF No. 8. The Court agrees that the ALJ's RFC determination was not supported by substantial evidence and that the ALJ erred as a matter of law at step five.[3] Accordingly, this matter is remanded to the Commissioner for further administrative proceedings.

**A.     RFC Determination**

Plaintiff first argues that remand is warranted because the ALJ's RFC determination was not supported by substantial evidence. ECF No. 8, at 8-10. Specifically, Plaintiff argues that the ALJ lacked substantial evidence to conclude that Plaintiff was capable of sitting and standing for six hours out of an eight-hour workday and that Plaintiff is able to frequently engage in balancing. *Id.* The Court agrees.

Although the Commissioner is empowered to make a determination regarding the claimant's RFC based on the evidence in the record, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Wilson v. Colvin*, No. 13-CV-6286, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)); *Jermyn v. Colvin*, No. 13-CV-5093, 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination."); *Dailey v.*

---

[3]     The Court declines to reach Plaintiff's second argument because Plaintiff's first and third arguments are each independently sufficient to dispose of this matter.

5

*Astrue*, No. 09-CV-0099, 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) ("Without this additional medical evidence [the ALJ], as a lay person, could not bridge the gap between plaintiff's [impairments] and the functional limitations that flow from these impairments"), *report and recommendation adopted*, No. 09-CV-99, 2010 WL 4703591 (W.D.N.Y. Nov. 19, 2010)).[4]

Here, the ALJ erred by determining Plaintiff's RFC without supporting evidence in the record as to Plaintiff's functional capacity. In determining Plaintiff's RFC, the ALJ discusses the medical opinion evidence provided by two doctors: consultative examiner Samuel Balderman, M.D. ("Dr. Balderman") and Plaintiff's treating physician Ruth Henson, M.D. ("Dr. Henson"). The ALJ accorded only "some weight" to Dr. Balderman's opinion "because it is overly vague and does not list specific functional limitations associated with the examination." Tr. 17. Similarly, the ALJ also gave Dr. Henson's opinion only "some weight" because it "is overly vague and does not cite specific functional limitations, such as a definite amount of weight that the claimant should or should not lift or carry." *Id.* The ALJ does not discuss any other medical opinions in his decision. Despite discounting the opinions of both Dr. Balderman and Dr. Henson because they lacked information about Plaintiff's functional limitations, the ALJ ultimately concluded that Plaintiff retained the functional capacity to sit and stand for six hours out of an eight-hour workday and to frequently engage in balancing. Tr. 15. The ALJ's failure to develop the record to include a medical opinion regarding Plaintiff's functional capacity constitutes legal error and means that the ALJ's RFC determination is not supported by substantial evidence. *Felder v. Astrue*, No. 10-CV-5747, 2012 WL 3993594, at *13 (E.D.N.Y.

---

[4] Depending on the circumstances, like when the medical evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21 (quoting *House v. Astrue*, No. 5:11-CV-915, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013)). However, those circumstances do not exist here; Plaintiff's lumbar radiculopathy is not the type of minor impairment that would allow the ALJ to make a common sense judgment about its effects on Plaintiff's functional capacity.

Sept. 11, 2012) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of a supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error."); *Wilson*, 2015 WL 1003933, at *21 ("[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.").

**B.    Step Five**

Plaintiff also argues that the ALJ erred by failing to elicit the testimony of a vocational expert at step five of his analysis. Although the Court cannot make a determination that a vocational expert was necessary based on the record before it, remand is warranted because the ALJ failed to explain why a vocational expert was not called in Plaintiff's case.

As explained above, at step five the ALJ must consider the claimant's RFC as well as his age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. At this final step of the analysis, the burden shifts to the Commissioner to prove that the claimant can make the transition to other work. *Baron v. Astrue*, No. 08-CV-3303, 2010 WL 563069, at *5 (E.D.N.Y. Feb. 17, 2010). "In satisfying this burden, the Commissioner must produce evidence to show alternative employment that exists in significant numbers in the national economy." *Id.*

One way an ALJ can make his or her determination at step five is by relying on the Grids, which are a set of rules that indicate either "disabled" or "not disabled" based on a claimant's age, education, and work history for each given level of exertion.[5] *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2. If the Grids adequately reflect a claimant's condition, then the ALJ is free to rely on

---

[5]    Jobs are separated into five categories based on their physical exertion requirements: sedentary, light, medium, heavy, or very heavy. 20 C.F.R. § 404.1567.

Sept. 11, 2012) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of a supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error."); *Wilson*, 2015 WL 1003933, at *21 ("[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.").

**B.    Step Five**

Plaintiff also argues that the ALJ erred by failing to elicit the testimony of a vocational expert at step five of his analysis. Although the Court cannot make a determination that a vocational expert was necessary based on the record before it, remand is warranted because the ALJ failed to explain why a vocational expert was not called in Plaintiff's case.

As explained above, at step five the ALJ must consider the claimant's RFC as well as his age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. At this final step of the analysis, the burden shifts to the Commissioner to prove that the claimant can make the transition to other work. *Baron v. Astrue*, No. 08-CV-3303, 2010 WL 563069, at *5 (E.D.N.Y. Feb. 17, 2010). "In satisfying this burden, the Commissioner must produce evidence to show alternative employment that exists in significant numbers in the national economy." *Id.*

One way an ALJ can make his or her determination at step five is by relying on the Grids, which are a set of rules that indicate either "disabled" or "not disabled" based on a claimant's age, education, and work history for each given level of exertion.[5] *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2. If the Grids adequately reflect a claimant's condition, then the ALJ is free to rely on

---

[5]    Jobs are separated into five categories based on their physical exertion requirements: sedentary, light, medium, heavy, or very heavy. 20 C.F.R. § 404.1567.

them at step five to determine whether the claimant is disabled. *Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986).

However, exclusive reliance on the Grids is inappropriate where the Grids fail to account for the full extent of the claimant's limitations. *Id*; *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); 20 C.F.R., Pt. 404, Subpt. P, App. 2 § 200.00(a) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled."). In particular, an ALJ's sole reliance on the Grids represents legal error where the claimant's limitations result in "the additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Bapp*, 802 F.2d at 606. "In these circumstances, the Commissioner must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." *Rosa*, 168 F.3d at 78 (quoting *Bapp*, 802 F.2d at 603) (internal quotations omitted).

Here, the ALJ acknowledged that Plaintiff's "ability to perform work at the light exertional level has been compromised by nonexertional limitations." Tr. 18. However, the ALJ concluded that sole reliance on the Grids was appropriate because "these limitations have little or no effect on the occupational base of unskilled light work" and "they do not significantly erode the occupational base of unskilled light work." Tr. 18-19. Courts throughout the Second Circuit have held that this type of conclusory language, without more, is insufficient to support the ALJ's decision to rely on the Grids. *See, e.g., Mattioli v. Comm'r of Soc. Sec.*, No. 3:14-CV-00182, 2015 WL 4751046, at *5 (D. Conn. Aug. 11, 2015); *Lyde v. Colvin*, No. 3:13-CV-00603, 2016 WL 53822, at *7 (D. Conn. Jan. 5, 2016); *Hernandez v. Colvin*, No. 13-CV-03035 RPP, 2014 WL 3883415, at *14-16 (S.D.N.Y. Aug. 7, 2014); *Solsbee v. Astrue*, 737 F. Supp. 2d 102,

116 (W.D.N.Y. 2010) ("If the ALJ chooses to proceed without vocational expert testimony, the ALJ 'must provide a similar degree of specificity to achieve the underlying objectives of procedural fairness to the claimant and preservation of an adequate record of review.'") (citing *Decker v. Harris*, 647 F.2d 291, 298 (2d Cir. 1981)). The ALJ's failure to elaborate on or explain his conclusion that a vocational expert's testimony was not necessary in Plaintiff's case is a legal error that warrants remand. *See, e.g., Prince v. Colvin*, No. 13 CIV. 7666, 2015 WL 1408411, at *22 (S.D.N.Y. Mar. 27, 2015); *Faust v. Astrue*, No. 06 CIV. 4577, 2011 WL 7145740, at *12-14 (S.D.N.Y. Mar. 15, 2011), *report and recommendation adopted*, No. 06-CV-4577, 2012 WL 382959 (S.D.N.Y. Feb. 6, 2012); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is REMANDED to the Commissioner for further administrative proceedings in accordance with this decision. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 9, 2016
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

Case 1:15-cv-00358-FPG   Document 12   Filed 06/10/16   Page 10 of 10